IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  02-cr-40032-001 JPG |
| | ) | |
| JAMES W. HOFFMAN, SR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant James W. Hoffman, Sr.'s *pro se* motion

for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States

Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 38).  The Court appointed counsel for

Hoffman, and counsel has moved to withdraw on the basis that she can make no non-frivolous

arguments in support of the defendant's request (Doc. 41).  *See Anders v. California*, 386 U.S.

738, 744 (1967).  The government has responded to the motions (Doc. 43).  Hoffman failed to

respond to counsel's motion although he was given an opportunity to do so.

Hoffman pled guilty to one count of distributing crack cocaine and one count of possessing

with intent to distribute five grams or more of crack cocaine.  At sentencing, the Court found by a

preponderance of the evidence that Hoffman's relevant conduct was at least 150 grams but less

than 500 grams of crack cocaine, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of

34.  His offense level was reduced by three points under U.S.S.G. § 3E1.1 for acceptance of

responsibility.  The Court further found that Hoffman was a career offender under U.S.S.G. §

4B1.1 based on prior drug or violent felony convictions, which also established his base offense

level at 34, again reduced by 3 to 31 for acceptance of responsibility.  Considering Hoffman's

---

[1]Unless otherwise noted, the references to the guidelines in this order are to the 2001
United States Sentencing Guidelines Manual.

criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 188 to 235 months in prison. The Court imposed a sentence of 188 months for each count, less than the statutory maximum sentences established by Hoffman's convictions. *See* 21 U.S.C. § 841(b)(1)(B) & (C). Hoffman now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009)**.**

Hoffman cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and

sentences involving powder cocaine. Hoffman, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1 *and* the base offense level set forth in U.S.S.G. § 2D1.1, both of which were 34. *See Forman*, 553 F.3d at 589-90. The change in his base offense level set forth in U.S.S.G. § 2D1.1 would not lower his guideline sentencing range because, where the U.S.S.G. § 2D1.1 offense level is lower than the U.S.S.G. § 4B1.1 offense level, as it would be after application of Amendments 706 and 711, the Court must rely solely on the higher base offense level established by U.S.S.G. § 4B1.1. *See* U.S.S.G. § 4B1.1(b). Thus, even after the guidelines amendments, Hoffman would still have an offense level of 34, and his guideline range would not change. Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Hoffman cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38. The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 41) and **DISMISSES** Hoffman's motion for a sentence reduction (Doc. 38) for **lack of jurisdiction**.

The Clerk of the U.S. District Court is hereby Ordered to mail a copy of this Order to defendant James W. Hoffman, Sr., Reg. No. 24549-044, FCI Butner Low, P.O. Box 999, Butner, NC 27509.

**IT IS SO ORDERED.**
**DATED:  January 21, 2010.**


s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**